447-05/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PHOENIX BULK CARRIERS LTD.,

                    Plaintiff,

      -against-

KREMIKOVTZI TRADE a/k/a
KREMIKOVTZI TRADE LTD.,

                    Defendant.
------------------------------------------------------------x



05 CV 9559

**VERIFIED COMPLAINT**

JUDGE MARRERO

Plaintiff PHOENIX BULK CARRIERS LTD. (hereinafter "Plaintiff" and/or "PHOENIX"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against the named Defendant KREMIKOVTZI TRADE a/k/a KREMIKOVTZI TRADE LTD. (hereinafter "Defendant" and/or "KREMIKOVTZI") alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Finally, this Court also has jurisdiction over this matter because the action also arises

NYDOCS1/249432.1

under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff PHOENIX was and still is a foreign business entity duly organized and existing under the laws of Liberia with a registered office in Monrovia, Liberia.

3. At all times relevant hereto, the Defendant KREMIKOVTZI was and still is a foreign business entity duly organized and existing under the laws of Bulgaria with an office and place of business at 19 B, bul. Tzar Boris III, 1612, Sofia, Bulgaria.

4. On or about July 5, 2005, Plaintiff, in the capacity as owner, entered into a maritime contract of charter party on the OREVOY Form with Defendant KREMIKOVTZI under which Plaintiff PHOENIX agreed to let and KREMIKOVTZI agreed to charter a vessel (to be later nominated by PHOENIX) for a single voyage from Tubarao to Bourgasi for carriage of 70,000 M/T of iron ore in bulk, 10% more or less at owner's option, at an agreed freight rate of $23.50 per M/T, FIOS basis. A copy of the contract, including the pro-forma charter party and fixture "recap" dated July 5, 2005 are annexed hereto as Exhibit 1 and incorporated by reference herein.

5. Plaintiff PHOENIX duly nominated a series of vessels under the terms of the contract each of which was conforming in all respects to the conditions specified in the charter.

6. Defendant KREMIKOVTZI declined or otherwise failed to supply the requisite cargo and otherwise defaulted in its obligations under the contract, and no cargo was ever tendered for loading.

7. As a consequence of the foregoing, Defendant KREMIKOVTZI is in breach of the contract of charter party which breach has resulted in Plaintiff PHOENIX suffering damages

in the way of lost revenue and profit which would have been realized on the voyage based upon the differential between the rate at which Plaintiff would have had to pay for the performing vessel and the total freight which would have been generated based upon the freight rate identified in the contract.

8. As nearly as can presently be computed, Plaintiff calculates its damages at $669,970.89 representing the difference between the total freight to be paid hereunder of $1,608,281.25 (net of commission) and the time charter equivalent rate for the vessel, plus expenses, of $938,310.36, leaving a voyage result or total damage claim of $669,970.89 (see Ex. 2).

9. The charter party provides that any disputes arising thereunder shall be subject to London arbitration and Plaintiff PHOENIX specifically reserves its rights to arbitrate the substantive matters at issue.

10. Upon information and belief, and after investigation, Defendant KREMIKOVTZI cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), moving through banking institutions including but not limited to JPMorgan Chase Bank and/or UBS AG, or others.

11. In addition to an attachment in the full amount of the claim as outlined above, Plaintiff PHOENIX also seeks an attachment over an additional sum to cover its anticipated attorneys' fees, costs and interest, all of which are recoverable in London arbitration.

12. Plaintiff estimates, as nearly as can be computed, these additional damages/costs to be $213,746.35, comprised of interest in the sum of $83,746.35 (computed on the principal amount sought at a rate of 5% for a period of 2.5 years - the estimated timeframe within which arbitration will be completed); and $130,000 estimated U.K. counsel fees and arbitrators' fees which will be incurred in conjunction with the London arbitration, and which are recoverable there.

13. Based upon the foregoing, therefore, the sum total sought to be attached in this action is $883,717.24.

14. Plaintiff PHOENIX, for its part, has satisfied all of its obligations under the terms of the charter party.

WHEREFORE, Plaintiff PHOENIX prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant KREMIKOVTZI, citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim plus interest, costs and attorneys fees;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of $883,717.24 may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant including but not limited to such assets as may be held, received or transferred in its own name or as may be held,

received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to: JPMorgan Chase Bank and/or UBS AG and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.  That an Order be entered directing Defendant to proceed to London arbitration for the adjudication of the merits of the claim;

d.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

e.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       November 10, 2005

                        FREEHILL HOGAN & MAHAR, LLP
                        Attorneys for Plaintiff
                        PHOENIX BULK CARRIERS LTD.

                        By: _____
                            Peter J. Gutowski (PG 2200)
                        Lawrence J. Kahn (LK 5215)
                        80 Pine Street
                        New York, NY 10005
                        (212) 425-1900
                        (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
10th day of November 2005

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2006

NYDOCS1/249432.1                     6